## Garten v. Commonwealth.

(Decided April 16, 1924.)

## Appeal from Boyle Circuit Court.

1. Criminal Law—Evidence as to Another Offense Held Inadmissible in Prosecution for Assault and Battery.—In a prosecution for assault and battery, it was error to admit evidence that some hours after the alleged assault an automobile in which defendant was riding collided with a buggy, and that at the place of such collision a stopper smelling of whiskey was found.

2. Witnesses—Defendant May Not be Interrogated as to Whether he has Committed Other Crimes.—While one accused of crime may be treated as any other witness when he offers himself as a witness, he may not be interrogated as to whether he has committed other crimes in connection with the matter on trial.

3. Criminal Law—Evidence of Bad Character Inadmissible where Not Put in Issue.—Where accused does not put his character in issue, evidence as to his bad character is inadmissible.

BAGBY & HUGUELY for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY J. P. HOBSON, COMMISSIONER—Reversing.

Fred Garten was indicted in the Boyle circuit court for assault and battery on J. S. Lunsford and on the trial of the case he was found guilty and his punishment fixed at a fine of fifty ($50.00) dollars and confinement in the county jail at hard labor for a period of eighteen months. His motion for a new trial was overruled and he appeals.

The proof for the Commonwealth showed these facts: Lunsford resided in Boyle county on Stewart's lane; his residence was about ninety yards from the public highway; on a Sunday afternoon in November, 1923, he observed a crowd of young men and other people standing around some automobiles which were located in the public highway about ninety yards from his house; they were making a good deal of noise; there were several boys in the crowd; this was about 3:30 p. m. He went down to where the young men were congregated; the defendant, Fred Garten, was in the crowd and was passing around a bottle of whiskey; the crowd of young men were all drinking out of the bottle; he said to them,

"Gentlemen, you are making too much noise, I wish you would go home." The defendant, Fred Garten, then stepped up to him with the whiskey bottle in his hand and, after using some very insulting language, struck him behind the left ear with the whiskey bottle, knocking him down; the whiskey bottle broke and spilt the whiskey over his clothes; his wife, who was sitting on the porch with him, seeing what occurred, ran to his assistance. After he got up and was going away Garten threw another bottle and a rock at him and called him other vile names. The blow on his head raised a welt on the left side of his head, but it disappeared in a short time.

After introducing this proof by Mr. and Mrs. Lunsford the Commonwealth introduced West Burke as a witness, who testified that on the same Sunday night he and another negro were driving in a buggy on the road leading from Danville to Junction City about half-past seven o'clock, and that they were struck by an automobile about half way between the two towns; that the place was about five miles from Stewart's lane; they got out of their buggy and discovered two young men in or around the automobile that struck them and that they looked around in the road with a light and found a stopper and it smelled of whiskey; he saw Fred Garten and another young man named Dudley Williams in the car and in a short time after the collision they both ran into a field.

The defendant objected to the testimony of Burke and moved to exclude the testimony from the jury, but the court overruled the motion.

The evidence was inadmissible and its admission was clearly prejudicial to the defendant.

"And it may be said to be a rule of general application in the trial of criminal cases that the Commonwealth will not be permitted to introduce evidence showing that the accused has committed other and distinct crimes than the one for which he is being tried. The justice of this rule cannot be denied. Evidence of the commission of other offenses is very prejudicial to the accused, has a tendency to divert the mind of the jury from the case under consideration and often may find the accused entirely unprepared to meet the new issues presented." Morse v. Commonwealth, 129 Ky. 306.

The offense proved by Burke had no connection with the offense for which the defendant was indicted, it occurring four hours afterwards and was a distinct transaction; it served in no way to identify the defendant or to illustrate his intent. The evidence introduced into the case a matter on which he was in no wise apprised before the trial that evidence on his behalf would be required.

The defendant was sworn as a witness in his own behalf and testified in substance that he struck Lunsford with the bottle when Lunsford was advancing on him in a threatening manner with his hand in his pocket and that he did so in his self-defense. On cross-examination over his objection and exception, he was asked as follows:

"Q. Is it not a fact that you had been engaged in a continuous breach of the peace for the last six months? A. No.

"Q. Is it not a fact that you have been guilty of breaking the peace and disturbing that neighborhood where you live all along for at least six months before this trouble with Mr. Lunsford? A. No."

These questions should not have been allowed. Taken in connection with the testimony of the witness Burke, they were clearly prejudicial. The rule is that while the defendant may be treated as any other witness when he offers himself as a witness it is also well settled that he may not be interrogated as to whether he has committed other crimes in connection with the matter on trial. Were the rule otherwise the defendant in many cases would be forced either to refrain from testifying as a witness in his own behalf or to submit to a trial under the odium that he had committed other offenses than that for which he was on trial.

The verdict of the jury fixing the defendant's punishment at eighteen months' hard labor may have reasonably been largely the result of the improper evidence admitted in the case, creating in their minds the conclusion that the defendant was a bad character and should be severely dealt with. He had not put his character in issue and no proof as to his bad character was admissible unless he put his character in issue. (3 Greenleaf on Evidence, sec. 25).

Judgment reversed and cause remanded for a new trial.